Michael Mogan (S.B.N. 304107)
4803 N. Milwaukee Ave
Suite B, Unit #244
Chicago, IL 60630
Telephone: (949) 424-5237
Facsimile: (949)630-0477
mm@michaelmogan.com
Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Michael Mogan | **Case No.** 2:23-cv-00174 |
| Plaintiff | Trial By Jury Demanded |
| v. | |
| Airbnb Inc., Omelveny and Myers LLP Dawn Sestito, Damali Taylor, Dave Willner, Jeff Henry and Sanaz Ebrahini | |

1

Plaintiff, Michael Mogan ("Plaintiff"), brings this action against Airbnb Inc., Omelveny and Myers LLP, Dawn Sestito, Damali Taylor, Dave Willner, Jeff Henry and Sanaz Ebrahini (collectively "Defendants") for general, special, consequential and/or incidental damages; costs; and other appropriate and just relief resulting from Defendants' unlawful conduct, and as grounds therefore alleges:

## PARTIES

1. Plaintiff Michael Mogan is an adult over the age of 18 years old and resident of the state of Illinois residing in the city of Chicago in Cook County.

2. Defendant Airbnb Inc.'s principal place of business is located at 888 Brannan Sr #400. San Francisco, CA 94103.

3. Defendant Omelveny and Myers LLP's is a limited liability partnership with their principal place of business at 400 S. Hope St., 18th Floor, Los Angeles, CA 90071.

4. Defendant Dawn Sestito, is an adult over the age of 18 years old and on information and belief, a resident of Los Angeles county in the state of California.

5. Defendant Damali Taylor, is an adult over the age of 18 years old and on information and belief, a resident of San Francisco county in the state of California.

6. Defendant Dave Willner, is an adult over the age of 18 years old and resident of San Mateo County in the state of California.

7. Defendant Jeff Henry is an adult over the age of 18 years old and on information and belief, a resident of Alameda County County in the state of California.

8. Defendant Sanaz Ebrahini, is an adult over the age of 18 years old and on information and belief, a resident of Multnomah County in the state of Oregon.

## JURISDICTION AND VENUE

9. The parties citizenship is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332. Diversity of citizenship jurisdiction is conferred by 28 USC §1332 as Plaintiff is a citizen of Illinois, and Airbnb is a corporation formed under the laws of Delaware with its principal place of business in San Francisco, California. Omelveny and Myers LLP's principal place of business is in Los Angeles, California. Defendants Dawn Sestito, Damali Taylor, Dave Willner, Jeff Henry are citizens of California and Sanaz Ebrahini is a citizen of Oregon and the amount in controversy exceeds $75,000. Plaintiff's emotional distress damages exceed $10,000,000. Punitive damages at least equal Plaintiff's emotional distress damages which exceed $10,00,000 thus damages exceed $75,000.

10. A substantial part of the events or omissions giving rise to the action occurred in this district by Dawn Sestito and multiple attorneys of Omelveny and Myers LLP's at their office located in Los Angeles office in the state of California. 28 U.S.C. §1391(a)(2)

11. Venue is proper in this court as a substantial part of the events or omissions giving rise to the action occurred in this district. 28 U.S.C. §1391(a)(2). Defendants Airbnb Inc., Omelveny and Myers LLP, Dawn Sestito, Damali Taylor also do business in person and through their agents and representatives in Los Angeles county within this district. Thus a substantial part of the events or omissions giving rise to the claims also occurred within this district. 28 U.S.C. §1391(b)(2) and 1391(c).

## BACKGROUND

12. Plaintiff is an attorney licensed in Illinois and California.

13. Defendant Airbnb Inc. is an online marketplace. On information and belief, Defendant Sanaz Ebrahini is an employee of Airbnb Inc. and Dave Willner and Jeff Henry are ex-employees of Airbnb Inc.

14. Defendant Omelveny and Myers LLP is a law firm with an office in Los Angeles among other locations. Defendants Dawn Sestito and Damali Taylor are attorneys licensed in California and partners at Omelveny and Myers LLP.

15. Defendants served Plaintiff with a notice of motion and motion to declare Plaintiff a vexatious litigant and to impose a pre-filing restrictions and sanctions upon Plaintiff in Federal Court in the Northern District Of California. The moving parties on the motion were listed as Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini. Defendants Omelveny and Myers LLP were listed as the attorneys for Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini in the aforementioned vexatious litigant motion.

16. As of filing of the vexatious motion, in over 48 years Plaintiff had only filed one other civil lawsuit as a Plaintiff in the entire state of California where an adverse judgment or ruling had been entered against Plaintiff, which was a civil rights complaint Plaintiff filed seeking declaratory relief under 42 U.S.C. §1983. The motion was filed in the Northern District Of California and dismissed under Rule 12(b)(6) with prejudice. However, neither Airbnb Inc., Dave Willner, Jeff Henry nor Sanaz Ebrahini were listed as defendants or adverse parties to Plaintiff's civil rights complaint.

17. Prior to the preparation and filing of Defendants' vexatious litigant motion, Plaintiff had filed a civil complaint against Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini in the Northern District Of California that was pending however no judgment had been entered prior to the filing of Defendants' vexatious litigant motion nor had the complaint been dismissed.

18. The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). However, such pre-filing orders are an extreme remedy that should rarely be used. *De Long v. Hennessey* 912 F.2d 1144, 1147 (9th Cir. 1990)

19. Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts. *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 817 (4th Cir. 2004); *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 429 (1982)(noting that the Supreme Court "traditionally has held that the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect their property or as plaintiffs attempting to redress grievances"); 5A Charles Alan Wright Arthur R. Miller, Federal Practice and Procedure §1336.3, at 698 (3d ed. 2004). A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances.

20. In *De Long v. Hennessey*, the Ninth Circuit Court Of Appeals outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile "an adequate record for review." Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiffs litigation. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *De Long v. Hennessey* 912 F.2d 1144, 1147-1148 (9th Cir. 1990).

21. The Magistrate Judge in the Northern District of California proceedings denied Defendants' vexatious litigant motion thus the ruling on Defendants' vexatious litigant motion ended in Plaintiff's favor.

22. As a result of Defendants' conduct, Plaintiff has suffered emotional distress and injuries including, but not limited to, loss of sleep, embarrassment, social stigmatization and isolation, depression and anxiety.

23. As a result of Defendants' conduct maliciously prosecuting Plaintiff, Plaintiff has suffered emotional distress and injuries including, but not limited to, loss of sleep, embarrassment, social stigmatization and isolation, depression and anxiety.

24. Plaintiff has suffered emotional distress and physical injuries and mental anguish as a result of the incidents described herein. Defendants' outrageous actions harmed Plaintiff's reputation.

## FIRST CAUSE OF ACTION
### Malicious Prosecution
(Against Defendants Airbnb Inc., Omelveny Myers LLP, Dawn Sestito, Damali Taylor, Dave Willner, Jeff Henry and Sanaz Ebrahini)

25. Plaintiff re-alleges and incorporate by reference each and every allegation contained in paragraphs 1 though 24 as though fully set forth herein.

26. Defendants Airbnb Inc., Omelveny and Myers LLP, Dawn Sestito, Damali Taylor, Dave Willner, Jeff Henry and Sanaz Ebrahini filed a motion to declare Plaintiff a vexatious litigant and for sanctions in the same motion in Federal Court in the Northern District Of California for supposedly being a vexatious litigant.

27. The vexatious motion was denied and the ruling on the motion ended in Plaintiffs' favor and Plaintiff was not declared a vexatious litigant.

28. Defendants Airbnb Inc., Omelveny and Myers LLP, Dawn Sestito, Damali Taylor, Dave Willner, Jeff Henry and Sanaz Ebrahini did not reasonably believe that any facts or law existed to declare Plaintiff a vexatious litigant.

29. Defendants Airbnb Inc., Omelveny and Myers LLP, Dawn Sestito, Damali Taylor, Dave Willner, Jeff Henry and Sanaz Ebrahini acted with an improper purpose to ruin Plaintiff's professional reputation, embarrass him and cause him financial and physical harm.

## SECOND CAUSE OF ACTION
### Intentional Infliction Of Emotional Distress
(Against Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini)

30. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 though 29 as though fully set forth herein.

31. Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini conduct as described herein was extreme and outrageous. Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini wrongfully maliciously prosecuted Plaintiff. This constitutes conduct violative of public policy and state law.

32. Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini intended to cause Plaintiff to suffer severe emotional distress, and acted with reckless disregard of the probability that Plaintiff would suffer severe emotional distress.

33. As a direct result of Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini's conduct, Plaintiff has and will continue to suffer severe extreme emotional distress, mental anguish and injuries including, but not limited to, loss of sleep, social stigmatization and isolation, depression and anxiety.

34. The conduct of Defendants Dave Willner, Jeff Henry and Sanaz Ebrahini and Airbnb Inc. and/or their agents/employees, as described herein, was malicious, fraudulent, and oppressive and done with a willful and conscious disregard for Plaintiff's rights entitling Plaintiff to an award of punitive damages from Defendants Airbnb Inc., Dave Willner, Jeff Henry and Sanaz Ebrahini.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this court:

1. That Plaintiff be awarded general, special, consequential and/or incidental damages in amounts to be proven at trial;
2. Punitive damages;
3. That Plaintiff be awarded costs of suit and interest included as provided by law;
4. For the costs of the suit herein incurred; attorney's fees; prejudgment and post judgment interest until paid;
5. For attorneys' fees and costs related hereto; and
6. For such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on issues so triable.

Dated: January 10, 2023

By: s/ Michael Mogan
Michael Mogan
Plaintiff