JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOGAN,<br>Plaintiff,<br>v.<br>AIRBNB INC. et al.,<br>Defendants. | Case No. 2:23-cv-00174-SB-JC<br><br>ORDER GRANTING MOTIONS TO STRIKE AND DISMISS [DKT. NO. 30] |

Defendant Airbnb, Inc., an online marketplace for short-term home rentals, deactivated Veronica McClusky's account for violating its terms of service. McClusky retained Plaintiff Michael Mogan, an attorney, who sued Airbnb in 2018, claiming that Airbnb had destroyed her home rental business. Additional lawsuits followed, including an action by McCluskey against Airbnb employees, an action by Mogan against Airbnb's outside counsel (Sacks, Ricketts & Case LLP) and others, and an action by Mogan against the trial and appellate judges who ruled against Mogan and his client in one of the cases. Defendant O'Melveny & Myers LLP (O'Melveny) and several of its attorneys, including Defendants Dawn Sestito and Damali Taylor, represented Airbnb and its employees in a lawsuit filed in the Northern District of California in 2021. In that lawsuit, O'Melveny moved for sanctions under Rule 11 and separately moved to have Mogan declared a vexatious litigant. The presiding judge granted the Rule 11 motion, sanctioning Mogan, but declined to grant the vexatious-litigant motion. Plaintiff now brings this lawsuit arising out of the vexatious-litigant motion, claiming that the filing of that motion constitutes malicious prosecution and an act of intentional infliction of emotional distress. Dkt. No. 29 (First Amended Complaint, FAC). Airbnb and Defendant Sestito move to strike Plaintiff's claims under California's Anti-Strategic Lawsuit Against Public Participation (anti-SLAPP) statute and to dismiss under Rule 12(b)(6). Dkt. No. 30. Defendant Taylor joins in the motion. Dkt. No. 38. The remaining Defendants have not yet

appeared. The Court finds this matter suitable for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Because Plaintiff's claims are meritless as a matter of law, the motion is granted and this case is dismissed as to all Defendants.[1]

I.

The vexatious-litigant motion was filed in a case in the Northern District of California. Dkt. No. 30-7; *Mogan v. Sacks, Ricketts & Case LLP*, No. 21-cv-08431-TSH, 2022 WL 119212, at *1 (N.D. Cal. Jan. 12, 2022). The motion described the lengthy litigation history between the parties, which began in 2017 when Plaintiff represented McCluskey in a dispute with her co-hosts of an Airbnb rental property. Dkt. No. 30-7 at 8 of 26. Airbnb deactivated McCluskey's account after McCluskey levied false accusations against her co-hosts and after Airbnb discovered that McCluskey maintained multiple Airbnb accounts in different names. *Id*.

Plaintiff and McCluskey filed a series of lawsuits and arbitrations against Airbnb and its attorneys. *See* Dkt. No. 30 at 11–19 of 31 (identifying numerous lawsuits and arbitrations). In the Northern District proceeding, Plaintiff sued Airbnb, several Airbnb employees, and the counsel who had represented the Airbnb employees in other related proceedings (Sacks, Ricketts & Case LLP). *See* *Mogan v. Sacks, Ricketts & Case LLP*, No. 21-cv-08431-TSH, 2022 WL 94927, at *1 (N.D. Cal. Jan. 10, 2022). O'Melveny attorneys, including Sestito and Taylor, represented Airbnb and its employees in this proceeding.

In the Northern District case, Defendants filed a motion to declare Plaintiff a vexatious litigant, which would have imposed pre-filing restrictions on him and which forms the factual basis for Plaintiff's claims here. FAC ¶ 15. Defendants also moved for Rule 11 sanctions. The court granted the Rule 11 motion but denied the vexatious-litigant motion. *Mogan*, 2022 WL 119212, at *6. In granting the Rule 11 motion, the district court found Plaintiff's complaint to be legally "baseless," premised on "frivolous" allegations, and "brought for an improper purpose." *Id*. at *3. The court also noted that the state court in a related action sanctioned Plaintiff for engaging in similar misconduct and that those sanctions did not deter him from improperly filing the federal lawsuit before it. *Id*. In denying

---

[1] Both parties request that the Court take judicial notice of court records and arbitration documents arising from their prior adversarial proceedings. Dkt. Nos. 30-1 (Defendants), 32-2 (Plaintiff). The unopposed requests are GRANTED.

the vexatious-litigant motion, the court concluded that Defendants had not shown that such relief was warranted under the Ninth Circuit's strict standard. *Id*. at *5 (noting that Plaintiff had filed fewer cases than typically found sufficient to justify finding a litigant to be vexatious). After denying the vexatious-litigant motion, the court issued a warning:

> However, the Court advises [Plaintiff] that if he files another action against Defendants premised on the same transactional nucleus of facts, the Court will be more likely to entertain a request to subject him to a pre-filing injunction pursuant to 28 U.S.C. § 1651(a).

*Id*. at *6.

Plaintiff then filed this lawsuit, claiming that the filing of the vexatious-litigant motion in an action that he filed and in which he was harshly sanctioned amounted to a malicious prosecution that caused him to suffer emotional distress. FAC ¶¶ 22–23. Defendants have moved to dismiss the claims for malicious prosecution and intentional infliction of emotional distress under California's anti-SLAPP statute and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II.

The Ninth Circuit recognizes the applicability of California's anti-SLAPP statute in diversity cases. *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1141–43 (9th Cir. 2022) (rejecting a challenge to the statute's applicability in federal court).[2] That statute allows for dismissal of certain lawsuits through a "special motion to strike." Cal. Civ. Proc. Code § 425.16. The statute seeks to identify early on "meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001). A court considering an anti-SLAPP motion engages in a two-step inquiry. *Mindsys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010). First, the defendant "must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). Second, once the defendant has made that prima facie showing, "the

---

[2] In asking this Court to "refuse to recognize the anti-SLAPP statute," Plaintiff ignores binding Ninth Circuit precedent.

burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Id*.

The standard that applies to an anti-SLAPP motion depends on whether it resembles a motion to dismiss or a motion for summary judgment. *Planned Parenthood Fed. of Am., Inc. v. Ctr. For Med. Progress*, 890 F.3d 828, 836 (9th Cir. 2018). When the motion challenges only the legal sufficiency of the claims, a plaintiff is not required to submit evidence, and the district court applies the Federal Rule of Civil Procedure 12(b)(6) standard. *Id*. at 835. When the motion challenges the factual sufficiency of a claim, a plaintiff is allowed to submit evidence in response, and the court applies the Federal Rule of Civil Procedure 56 standard. *Id*. Here, the Rule 12(b)(6) standard applies because the motion challenges only the legal sufficiency of Plaintiff's claims.[3]

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In resolving a Rule 12(b)(6) motion, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. That is, a pleading must set forth allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). Assuming the veracity of well-pleaded factual allegations, a court next must "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. There is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*.

---

[3] Plaintiff requests that he be permitted to conduct discovery despite the stay provided by the anti-SLAPP statute. Cal. Civ. Proc. Code § 425.16(g). The request is denied. Even in the absence of a statutory stay, the Court would deny discovery here because the anti-SLAPP motion is dispositive based on legal deficiencies in the complaint that could not be remedied with additional factual allegations.

III.

The Court now turns to the merits of the anti-SLAPP motion.

A.

The first step in the analysis asks whether the plaintiff's claim arises from an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. Civ. P. Code § 425.16(b)(1). The statute defines such an act to include "any written or oral statement or writing made before a legislative, executive, or judicial proceeding . . . ." *Id.* § 425.16(e); *see, e.g.*, *Rohde v. Wolf*, 154 Cal. App. 4th 28, 35 (2007) (finding that the anti-SLAPP statute covers "statements, writings and pleadings in connection with civil litigation"); *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006) ("A cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike"). There can be no doubt that the movants have satisfied the first analytical step: the core allegations of the FAC focus on injuries that Plaintiff purportedly suffered by Defendants filing a vexatious-litigant motion in the Northern District of California.

Plaintiff attempts to avoid this conclusion by invoking a narrow exception for challenged conduct that "was illegal and by reason of the illegality not constitutionally protected." *Flatley v. Mauro*, 39 Cal. 4th 299, 316 (2006) (finding the anti-SLAPP statute inapplicable "because the activity forming the basis of [the] motion to strike . . . was extortion as a matter of law"). The anti-SLAPP statute does not apply "where either the defendant concedes the illegality of its conduct or the illegality is conclusively shown by the evidence." *Id*. California courts have interpreted the *Flatley* exception to exclude *criminal* conduct from the reach of the anti-SLAPP statute. *See, e.g.*, *Mendoza v. ADP Screening & Selection Servs., Inc.*, 182 Cal. App. 4th 1644, 1654 (2010) ("Our reading of *Flatley* leads us to conclude that the Supreme Court's use of the phrase 'illegal' was intended to mean criminal . . . ."). Plaintiff argues that his claims fall within this exception because Airbnb and its counsel "w[ere] using false testimony . . . to compel arbitration" and "went to great lengths concealing late payments of arbitration filings fees . . . ." Dkt. No. 32 at 4. These disputed allegations, however, are unrelated to the challenged act in this lawsuit—namely, the filing of a vexatious-litigant motion. Thus, the *Flatley* exception is inapplicable.

B.

Plaintiff fares no better under the second step of the anti-SLAPP analysis, which examines whether Plaintiff is likely to succeed on the merits of his two claims.

1.

To prove his claim for malicious prosecution, a plaintiff must show that (1) a defendant filed an action that ended in the plaintiff's favor; (2) the action was brought without probable cause; and (3) the action was initiated with malice. *Nunez v. Pennisi*, 241 Cal. App. 4th 861, 872–73 (2015). Plaintiff cannot satisfy the first element, which requires him to demonstrate that Defendants initiated "a full-blown action." *Adams v. Superior Ct.*, 2 Cal. App. 4th 521, 528 (1992). Attacking an action taken within litigation is insufficient. As the *Adams* court explained:

> The reason the courts have held that a malicious prosecution action cannot be grounded upon actions taken within pending litigation is that permitting such a cause of action would disrupt the ongoing lawsuit by injecting tort claims against the parties' lawyers and because the appropriate remedy for actions taken within a lawsuit lies in the invocation of the court's broad powers to control judicial proceedings.

*Id*.; *see also Zamos v. Stroud*, 32 Cal. 4th 958, 969 n.8 (2004) (noting "the familiar rule that subsidiary procedural actions cannot be the basis for malicious prosecution claims"); *Liberi v. Taitz*, 647 Fed. App'x 794, 797 (9th Cir. 2016) (rejecting malicious prosecution claim for false filings with the court because California law requires "'the initiation of a full-blown action'") (quoting *Adams*).

Plaintiff fails to address this dispositive case law and instead attempts to liken the filing of a vexatious-litigant motion to a Rule 11 motion or a cross-complaint. This attempt falls flat, as it relies on federal cases that do not even address the issue,[4] and it ignores California law that is directly relevant. *See*

---

[4] *See Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008) (holding that a magistrate judge does not have the power to decide a motion to remand a case to state court); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509 (6th Cir. 2001) (same); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) (holding that a voluntary

*Adams*, 2 Cal. App. 4th at 528. The simple fact is that Defendants did not file the underlying lawsuit in this case—Plaintiff did, and he was sanctioned under Rule 11 for doing so. Once Plaintiff filed his lawsuit, Defendants were free to seek appropriate relief in that case, including a declaration that Plaintiff is a vexatious litigant, so long as they had a reasonable factual and legal basis for doing so. *See* Fed. R. Civ. P. 11. The Ninth Circuit has long recognized the availability of a district court's authority to issue a vexatious-litigant order when necessary to curb the "[f]lagrant abuse of the judicial process," provided that the authority is exercised cautiously. *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Particular care must be taken to provide adequate notice to the litigant against whom the relief is sought, which often comes in the form of a defense motion in a frivolous lawsuit brought by a plaintiff. *See, e.g.*, *Schafler v. HSBC Bank USA*, 310 Fed. App'x 181, 182 (9th Cir. 2009) (affirming grant of defense motion to declare the plaintiff to be a vexatious litigant); *Schafler v. Spear*, 135 Fed. App'x 939, 940 (9th Cir. 2005) (same). By filing a vexatious-litigant motion, Defendants did not become potentially liable for malicious prosecution under California law. *See Adams*, 2 Cal. App. 4th at 528. To the extent that Plaintiff believed that the motion was frivolous or presented for an improper purpose, his remedy was to seek sanctions in that case. *See* Fed. R. Civ. P. 11.

In short, Plaintiff's claim for malicious prosecution fails right out of the gate. The most basic element of the claim is the initiation of a "full blown action" by the allegedly malicious party. Here, the party that filed the underlying action is Plaintiff, who cannot maintain a malicious prosecution claim against the parties he sued because they mounted a defense within the bounds of federal law. Because the claim fails at the threshold, the Court need not analyze the remaining potential problems with the cause of action.

2.

Plaintiff's second claim is for intentional infliction of emotional distress. The movants contend that this claim is barred under California's litigation privilege. This privilege protects speakers against claims based on statements made within judicial proceedings (other than claims for malicious prosecution). Cal. Civ. Code § 47(b). The litigation privilege is "relevant to the second step in

---

dismissal does not deprive a district court of jurisdiction over a Rule 11 motion); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323 (2d Cir. 1999) (reversing a district court's sanction that had been imposed under the court's inherent power).

the anti-SLAPP analysis in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing." *Flatley*, 39 Cal. 4th at 323. It "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants . . .; (3) to achieve the objects of the litigation; and (4) that has some connection or logical relation to the action." *Olsen v. Harbison*, 191 Cal. App. 4th 325, 333 (2010). The privilege extends to claims for intentional infliction of emotional distress. *See, e.g.*, *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 888 (1992) (applying the litigation privilege to an intentional infliction of emotional distress claim where the plaintiff alleged that defendants submitted "perjurious and malicious declarations or pleadings"); *Kulkarni v. Upasani*, 659 Fed. App'x 937, 940 (9th Cir. 2016) (affirming the granting of an anti-SLAPP motion that dismissed a claim for intentional infliction of emotional distress arising from statements made in prior litigation).

The litigation privilege applies here. The vexatious-litigant motion was a communication by litigants in a judicial proceeding designed to achieve a legitimate defense objective that was logically related to the lawsuit (i.e., the avoidance of future expense and resources caused by a series of frivolous actions). *See* *Silberg v. Anderson*, 50 Cal. 3d 205, 219–20 (1990) ("The requirement that the communication be in furtherance of the objects of the litigation is, in essence, simply part of the requirement that the communication be connected with, or have some logical relation to, the action."). Given the numerous actions filed by Plaintiff arising out of the same or similar subject matter, the vexatious-litigant motion was "directly related to [Airbnb's] efforts to defend [itself]. . . ." *Mogan v. Sacks, Ricketts & Case LLP*, No. 21-cv-08431-TSH, 2022 WL 94927, at *6 (N.D. Cal. Jan. 10, 2022).

Accordingly, Plaintiff's claim for intentional infliction of emotional distress is barred under California law. The litigation privilege, moreover, is not defeated because Plaintiff claims that statements in the vexatious-litigant motion were knowingly false when made. *See* *Flatley*, 39 Cal. 4th at 322 (noting that "[t]he litigation privilege has been applied in numerous cases involving fraudulent communication or perjured testimony") (cleaned up).

## IV.

The motion to strike Plaintiff's complaint under California's anti-SLAPP statute is GRANTED, and the case is dismissed with prejudice because the legal

deficiencies in the complaint cannot be cured by amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).[5]

IT IS SO ORDERED.

Date: March 24, 2023

Stanley Blumenfeld, Jr.
United States District Judge

[5] The complaint's allegations against all Defendants are based on the same factual circumstance (i.e., the filing of a vexatious-litigant motion). FAC ¶ 15. The incurable deficiencies described in this order extend to the claims against the non-appearing Defendants, including O'Melveny and those on whose behalf the vexatious-litigant motion was brought (Defendants Dave Willner, Jeff Henry, and Sanaz Ebrahini). Thus, this case is dismissed as to all Defendants.